UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
Case No.:

RICHARD SANTOS,

    Plaintiff,

v.

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

    Defendant.
_____/

## COMPLAINT FOR DISABILITY BENEFITS

Plaintiff, Richard Santos, files his Complaint against Defendant, Hartford Life and Accident Insurance Company, and says:

### I. JURISDICTION AND VENUE

1.    Plaintiff's claims are filed pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* Jurisdiction exists pursuant to 29 U.S.C. § 1132(f) and venue is proper pursuant to 29 U.S.C. § 1132(e).

### II. PARTIES

2.    Plaintiff, Richard Santos ("Mr. Santos"), is a resident of Lee County, Florida and was at all times relevant a participant of the long-term disability insurance policy at issue (the "LTD Policy"). Defendant, Hartford Life and Accident Insurance Company ("Hartford" or "Defendant"), is the insurer and

claims administrator of the LTD Policy, is a foreign corporation authorized to do business in Florida and can be found in the Middle District of Florida.

### III.   FACTS

3. At all times material to this action there was in full force and effect a group long-term disability policy that was underwritten and administered by Defendant.

4. At all times material, Defendant operated under an inherent structural conflict of interest because of Defendant's dual role as administrator of claims while serving as the insurance company paying benefits out of its own assets.

5. Mr. Santos was employed with Matheson Tri-Gas, Inc. ("Matheson") as a Truck Driver. By virtue of his employment at Matheson, Mr. Santos was an eligible participant of the LTD Policy at all times material to this action.

6. The purpose of the LTD Policy was to provide Mr. Santos a monthly benefit in the event that he became disabled.

7. The LTD Policy defines Disability/Disabled, in pertinent part, as:

> *Disability or Disabled means You are prevented from performing one or more of the Essential Duties of:*
>
> 1) *Your Occupation during the Elimination Period;*
> 2) *Your Occupation, for the 24 months following the Elimination Period, and as a result Your Current Monthly Earnings are less than 80% of Your Indexed Pre-Disability Earnings; and*
> 3) *After that, Any Occupation.*

8. Mr. Santos has suffered, and continues to suffer, from Meniere's disease and experiences vertigo, hearing loss, imbalance, dizziness, vomiting, depression, anxiety, and chronic drowsiness.

9. Mr. Santos has been unable to perform one or more of the essential duties of his occupation or any occupation for which he is reasonably fitted based on education, training, or experience. Mr. Santos is disabled under the terms of the LTD Policy.

10. Mr. Santos stopped working on or about July 30, 2020, due to his disabling conditions.

11. In accordance with the procedures set forth by the LTD Policy, Mr. Santos notified Defendant that he was disabled.

12. Defendant approved Mr. Santo's long-term disability claim, paying benefits effective February 9, 2021.

13. On or about March 19, 2022, the Social Security Administration approved Mr. Santos's claim for disability benefits retroactive to his date of disability.

14. By letter dated February 9, 2023, Defendant terminated Mr. Santos's long-term disability claim.

15. Mr. Santos appealed Defendant's decision to deny his long-term disability claim.

16. By letter dated April 20, 2023, Defendant rejected Mr. Santos's appeal.

17. Mr. Santos has exhausted his appeals under ERISA.

18. In terminating Mr. Santos's long-term disability benefits, Defendant deemphasized medical evidence favoring disability and instead relied on the views of its own medical consultants.

19. The termination of Mr. Santos's long-term disability benefits was a breach of the terms of the LTD policy, and the decision was wrong and arbitrary and capricious.

20. Defendant's termination of Mr. Santos's disability benefits breached the fiduciary duties owed to him under ERISA. Defendant further failed to discharge its duties in respect to discretionary claims processing solely in the interests of Mr. Santos as a participant of the LTD Policy.

### IV. COUNT I: LONG-TERM DISABILITY BENEFITS

Plaintiff incorporates the allegations contained in Paragraphs 1 through 20 as if fully stated herein and says further that:

21. Plaintiff is entitled to certain benefits of the policy consisting of past long-term disability benefits including prejudgment interest, retroactive to the day benefits were denied pursuant to 29 U.S.C. §1132(a)(1)(B).

22. Plaintiff is entitled to the benefits identified herein because:

   a. the benefits are permitted benefits under the policy;

    b. Plaintiff has satisfied all conditions to be eligible to receive the benefits;

    c. Plaintiff has not waived or otherwise relinquished his entitlements to the benefits.

23. Defendant has refused to pay the benefits sought by Mr. Santos, ignoring the medical records and clear opinions of his physicians.

## V. RELIEF REQUESTED

Plaintiff incorporates the allegations contained in Paragraph 1 through 23 as if fully stated herein and says further that:

24. As a result of the acts and/or omissions of Defendant as alleged herein, Defendant owes Plaintiff unpaid long-term disability benefits, plus interest.

25. Defendant's termination of Mr. Santos's long-term disability benefits is a violation of subchapter I of Title 29, Chapter 18 of the United States Code, Plaintiff is entitled to attorney's fees Defendant is also liable for Plaintiff's attorney's fees and the costs of litigation in an amount to be proven at trial, pursuant to 29 U.S.C. §1132(g)(1).

26. Defendant is also liable to place Plaintiff in the position he would have enjoyed under the LTD Policy had he not been wrongfully terminated benefits by Defendant.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Richard Santos, prays for a judgment against Defendant, Hartford Life and Accident Insurance Company, for the relief as pleaded herein and for such other relief as this Honorable Court deems just and proper.

*Respectfully submitted this 14th day of June, 2023.*

/s/ *Geannina A. Burgos*
Geannina A. Burgos (FBN. 113242)
nina@longtermdisability.net
Edward Philip Dabdoub (FBN. 45685)
eddie@longtermdisability.net
DABDOUB LAW FIRM, P.A.
1600 Ponce de Leon Blvd., Suite 1202
Coral Gables, Florida 33134
Tel: (305) 754-2000
Fax: (305) 754-2007
*Counsel for Plaintiff*